at all, for argument 15 minutes per side, Mr. Shultz, you may be resolved. It please the court, good morning. My name is Sam Shultz and I represent the defendants in this matter, Citigroup Credit Services at all. The district court erred in denying the motion to compel arbitration in this matter and let me briefly summarize the three reasons why. First of all, the district court disregarded the plain language of the arbitration agreement by ignoring the dictionary definition of the word arise, by failing to account for the preposition between that follows the word arise and by reading out the predecessor language that immediately follows the phrase arise between, which makes it clear that this arbitration agreement was intended to apply to past disputes. What if we say in doing this very case, this case arises under federal law? Are we talking about the past? Present? Only? Well, to bring it to our case, the case arises under federal law. It's got a little bit of both, doesn't it? Absolutely. So doesn't that show you have to be a little careful here? Well, if we said this dispute, meaning the dispute between Mr. Russell and Citi, arises between Citi and Russell, it covers the arbitration language arise between covers that dispute. But you can say arises and still have it have a past sense connotation. Right. And when you look at the agreement, the scope of the arbitration agreement is all employment-related disputes. The scope is not arise between the parties. That just defines who are the parties who would have a dispute where there's an agreement to arbitrate. But the scope of this arbitration agreement is really defined by, very broadly, all employment-related disputes. Who wrote this? Who wrote this agreement? Citi Group. Who in Citi Group? I don't know exactly who wrote it. Was there a lawyer involved? I'd imagine there were lawyers involved, sure. Probably the General Counsel's Office was involved. I don't know exactly who wrote it. I'd imagine the lawyers ultimately would report up to the General Counsel's Office. But aren't there ethics prohibitions on lawyers communicating with parties that are against them in litigation and communicating directly with the party without contacting their lawyers? Let me finish the question. What seems really unimaginable to me is, let's put the words to the side for a second. What seems unimaginable to me is that your client had the intent in drafting this language, asking him to sign it, to have it apply to a pending case, because that would be prohibited under the ethics laws of every state in the country. So I just can't believe that was the intent. If that wasn't the intent, that leaves the other option, which it was prospective. It certainly wasn't the intent and certainly is not the case. So it was not intended to apply to existing lawsuits. No, that's not true, Your Honor. It was intended to apply to existing lawsuits. No, it's neither. There's one or the other. It's neither. The arbitration agreement, you're assuming in your question that the arbitration agreement was drafted for Mr. Russell. The arbitration agreement was drafted in 2011, two years before Mr. Russell signed it. Mr. Russell came to Citi, wanted to... That doesn't make a difference for the purpose of my question, because if you have an agreement that was drafted with the intent to apply to all existing litigation, which is what you're saying, and then the company is handing this, not to the lawyer, but to the individual, they're communicating directly with a party in litigation. That's not allowed to do that. The lawyers are not communicating to the party. The company's human resources group, as a matter of standard policy, are presenting an arbitration agreement which applies to all of Citi employees. Lawyers in the general counsel's office are inoculated from these ethics obligations as long as they give this document to a human resources person that's not a member of a bar and they hand it to them. That's how this works. Your Honor, I think what you're... The logical extension of what you're saying is that if a lawyer at a company ever touches a document and then that document is used throughout the company and an agreement, a form agreement, is presented to a party who's represented by counsel... In pending litigation against the company. This is not a normal thing, but keep going. Sure. But that is now an improper communication between the lawyer and... That is exactly what I'm saying. I don't see any slippery slope. I see it flat and just exactly what the prohibition is about. But there's been no communication between the lawyer and the party. They're using a form agreement that every employee signs. Okay. What if, just to get back to a run-of-the-mill auto accident case, and there is a lawsuit that's been filed, the plaintiff is represented by counsel, and there's an ongoing suit, but all of a sudden the insurance company sends a release to the plaintiff directly. This is the claims manager, maybe, and a check and says, Here, we offer to settle for $10,000, sign the release and send it back, and the case is over. Does that violate ethics rules or not? So a claims administrator in the insurance company is communicating directly with the insurer. Well, same thing. Here's a document to sign, and here's... There's money involved, too, and bypass the lawyer. As long as the claims administrator that is a party is not doing it at the behest of a lawyer and the lawyer is indirectly communicating, no, not at all. Parties can always deal with their own contracts. A party can always talk to another party. If Citigroup today went to Mr. Russell today and said to him, We want to resolve this case. These lawyers, they're always in the way. They're a pain in the ass. Let's just resolve the case today. Hands them a release agreement, and they sign the release agreement. There's no improper communication. That goes to your point. Principals can always communicate amongst each other, even when they're represented by an attorney. You said this arbitration clause was written before this happened. Correct. Years before. Does that mean had it been written after you would lose because you couldn't possibly have had that intent? I'm not sure what you mean by written after. You're the one that introduced the point that it was already on the file before the other case happened. I'm introducing the possibility what happens in the next case if the first case has already been filed. Yes. They now write this new generic thing. It goes to the general counsel's office, and now they hand it to the person. Does that change the outcome? I think as long as it's principal to principal without the direction of counsel, there's no violation of the ethical rule. Principals can always deal with one another, and they can always use a form that was in existence. You might have filed an action against the lawyers in the case. Disbar them or discipline them. But the problem, it seems to me, is that the company when the lawsuit was filed didn't object. It didn't seek to arbitrate the case originally. Well, at the time. It seems kind of unfair, doesn't it, to come along subsequently where the lawsuit is proceeding and the company has not objected in any way to now come in and upset the nature of the lawsuit or whatever is happening, right? Well, at the time that the lawsuit was filed, there was no arbitration agreement which required Mr. Russell to arbitrate. Within a month and a half of when Mr. Russell signed the arbitration agreement that requires him to arbitrate this dispute, we seasonably moved to compel arbitration. Did the original agreement say anything about class actions one way or another? No. Well, it didn't require an individual to arbitrate a claim for a high class action. Nor did it exclude them. It didn't specifically cover the problem. Correct. And there's case law upon case law, Hendricks v. UBS, Energy Home from the Kentucky Supreme Court, Nano Solutions, Patrick Higgins, all cases that say that even when an agreement does not have an obligation to arbitrate between two parties, that does not negate a separate agreement that does require the parties to arbitrate. So the fact that the first agreement didn't require arbitration doesn't mean that the second... It doesn't seem very fair to me for the litigation to go forward with the company not seeking to arbitrate, letting it go forward, and then coming in the back door. But we had no ability to argue for arbitration when the case first started. It's well settled. If you had lawyers you could argue. I don't understand. No, no, no. There was no binding arbitration agreement at the time he commenced the lawsuit. Let's take two parties. Two parties don't have an agreement to arbitrate. They initiate litigation... Maybe I don't understand the facts. I thought there was an arbitration agreement to begin with. So when Mr. Russell first started with Citi, he signed an arbitration agreement which required him to arbitrate claims unless they were brought on a class action basis. Explicitly excluding class actions? Correct. Claims brought on a class action basis were not within the scope... I want to understand the facts. I thought you just got through saying that there was no explicit reference in the original arbitration agreement to class actions. Well, I thought I said, and I apologize if I misspoke, I thought what I said was that under the first agreement Mr. Russell was not obligated to arbitrate claims brought on a class action basis. And yes, the language said if you bring the case on a class action basis it's not within the scope of this arbitration agreement. Presley said that. Correct. Then he later signed an agreement which said you have to arbitrate all disputes arising out of employment... So the understanding was that he could not, and it was explicitly so said in the agreement, he could not arbitrate a class action so he brings a class action. Correct. Then he signs another agreement... And then has him sign later when he comes back a contract that says he will in fact arbitrate class action. Correct. And just to get to your point or to your question, if two parties started litigating against each other neither was obligated to arbitrate and then one party said why don't we arbitrate this dispute and they agreed to arbitrate the dispute there's no question that that subsequent agreement to arbitrate would be binding. And that's exactly what we say we have here a subsequent agreement and I'll refer the court to several cases that we cite in our briefs where there was a prior agreement that did not require arbitration there was a subsequent agreement to arbitrate and the courts enforced the subsequent agreement the First Circuit's decision in Christian the Fourth Circuit's decision in Drew's distribution Carrer's notion from the Fourth Circuit Nano Solutions In re Verisign Patrick Higgins BG Bomber So this is a well recognized principle. I just want to make sure I'm getting one thing straight and I really think you're going to want to think about this after our argument but your view is not only do you have the language as to what this does but your view is that your client in drafting this intended it to apply to existing lawsuits. That is your view including lawsuits between the company and former or present employees. That's your view. I would say it more broadly. I would say that the clear intent of the arbitration agreement was that it applied to all disputes relating to employment including disputes that occurred in the past. Yes. And we know that's true because the language refers to predecessors and former affiliates. And the only way to give meaning to that language is by construing the language that it would apply retroactively. Could you condition continued employment with somebody on signing one of these things? The Supreme Court has said you can condition employment on signing. No, no, no. Continued employment. In other words, someone sued you. They're still working. You could say, hey, listen, we're going to terminate you if you don't sign this agreement which requires everything to be arbitrated even if it's pending lawsuit. So that's obviously not the situation here. Yeah, no. I'm just curious. I don't know. I'd have to look at the case law. I'd have to think about that. All I know is this is a unique case. This is a case where an individual who came to work, wanted a job with Citigroup. He came to work. He signed an employment application. The employment application said you're going to have to arbitrate all disputes arising or related to your employment. He then signed the agreement. I think we get it. I'm going to let you get your full rebuttal if you want it or you can use it now. I'll reserve and take my rebuttal. Great. That would be good. Thank you. Let's hear it from the other side. May it please the Court. Good morning, Your Honors. The law from this circuit has been clear that when you're going to apply a contract, any type of contract, but let's stick with an arbitration clause for the moment, retroactively, you need to say so and you need to be clear about that. There's good reason that you should be clear about it for the reasons that we talked about in this case with my colleague here. That is, there is the grave potential for misunderstanding on one party, particularly in an adhesion contract, but also that you are waiving existing rights. As my colleague here has pointed out and has briefed repeatedly, the law says that a waiver of an arbitration provision should not be lightly inferred, but what the law really says is the waiver of any rights should not be lightly inferred. Also, this is their contract, right? So if it's ambiguous, ambiguity should be construed against the drafter, right? Correct. There are a number of presumptions and the Court knows, I'm sure... Is that the easiest one, though? It is. If we have a question about this, whether it's ambiguous or not, that since it's their document, it is kind of an adhesion contract that the rule of construction is it's construed against them. That's correct. There are competing presumptions in this case. And so, as you've seen from their brief, they want to argue all doubts should be resolved in favor of arbitration. And I agree that's not true as well. Just arbitration is not disfavored anymore. Correct. It's not... It's still a matter of contract. Correct. And the intent of the Federal Arbitration Act, it says, you know, in numerous Supreme Court cases, is to put arbitration agreements on the same equal footing as other contracts. And there are numerous rules of contract construction. And one of them is that contracts, even statutes, are not presumed to be retroactive unless the parties say so. And the one thing I wanted to point out, one of the cases that Citi relies on repeatedly is the Newhall case out of the Middle District of Florida. And it is an arbitration provision in a similar employment setting by its biggest competitor, JPMorgan Chase. And the arbitration agreement in that case says that the employee agrees to submit all employment-related claims that I have or in the future may have. And that was enforced. Which shows that it's really easy to apply something retroactively. In my view, far too easy. It's not hard. They didn't do it in this case. They want to say that they've expressed a clear intent that my client should have understood by saying arise between when he had an existing case and they didn't turn around as soon as he signed it and say, okay, here's the dismissal papers. You need to sign this dismissal of this existing lawsuit. It went on for a couple months. This problem of... Well, okay. It went on for a couple months? A month and a half after he accepted his employment. When was the motion to dismiss filed based upon this arbitration agreement? In February. Does it show that it was litigated by consent then? That's not the argument that I'm making. The issue there is... It's actually a weird... He accepted his employment offer from Citi in early December. In late December, Citi files an answer in which it admits the district court had subject matter jurisdiction and the venue was proper. And then he came back in and signed his paperwork and that's when he signed the acknowledgement that he had received the arbitration clause. So how long did they wait to bring up the defense of the arbitration? I think that was about six weeks, seven weeks, something like that. All right. So, I mean, is there a stopple argument there? I've made that argument. I don't think that's the easiest and best way to resolve this case. Whether you think it is... I'm not trying to run from that argument at all. I do think it's a problem. I think it's a huge problem that they've admitted after hiring him that the district court had subject matter jurisdiction and the venue was proper. I think it's a huge problem that they've admitted that they've gone all this time period without moving to compel arbitration. I'll say news to me today that the 2006 agreement, it's not on the record. I've never seen it. So this notion that it barred class arbitrations, I don't know that to be true. You've never read it? I've never seen it. I look for it. I don't know. It is not on the record. Is it in the record? It is not in the record. I have... You've seen my brief. I have assumed that they have just decided they didn't want to arbitrate on a class-wide basis and they decided that court was better for an individual case. We're going to litigate and decide this contract question without having the original arbitration provision in the record in the case? Wait, wait. We're not talking... The 2006 agreement. It is prior employment. That's the one I'm talking about. Right. It's not in the record. It is not in the record. Okay. I just want to make sure I'm following this. That's the agreement that permits non-arbitration. In other words, a class action, allegedly. Yeah, but I mean, the point I'm making is that agreement is not as important to have in the record if everyone has litigated the case as if it said what they represented it to say, is all I'm saying. Correct, except that part of my waiver argument is based on the fact that they waived the 2006 agreement and they continued to litigate. You asked for it in discovery. We never got discovery. No, well, was this a motion to dismiss? Yes. What happened? Yes. Okay. And did you then say in... I mean, because you're allowed in response to motion to dismiss to say, you can't do this because you need discovery at a minimum to get the original contract in. Did you say that? Unfortunately, no discovery was conducted. Did you... But you know what I just said. I did not request it. Okay. Correct. Here's the... Your brother counsel says that he's read it and it explicitly says that class action arbitration is prohibited. That's what he says. That would make a difference to know exactly what it does say. I don't know what it says. I certainly would have made a different waiver argument had I known that to be the case. But I still think there's the problem. So going back to where you started with my colleague here. There is a history here with Citi in using these retroactive clauses that I think is important to the unconscionability argument and to the ethics of expressing intent to apply a contract to waive existing litigation. If we go back to the Carlisle case, which is the case that Citi has relied on to say, this very clause has been construed to be retroactive. In that case, a man was an African-American  every time. He went to Citi and applied for a job 10 or 12 times. He was an African-American. He was turned down every time. He filed a complaint with the Missouri Human Rights Commission as a precursor to filing a race discrimination case. Before receiving his right to sue, they hired him. They called him back and said, hey, come on in. Signs the arbitration clause and said, hey, that applies backwards in time. He didn't even know to make that argument because he represented himself pro se. Great. He should have had a lawyer and he should have, you know, a lawyer would have made that unconscionability argument. But that's the context in which this clause was applied retroactive. I think it's egregious. The in-rate currency conversion case that we cited in our brief. Credit card holders, existing litigation, antitrust over the card fees. They sent out a mailer. Here, we've amended your credit card agreement and it's got a new arbitration agreement that bans class actions. The court in that case plaintiffs were represented by counsel. Made the unconscionability argument. They struck it down. Said you cannot impact existing litigation. You can't have these types of improper communications with class members without informing them of their rights. And that's the full circle argument to me of that's why we say the law says when you're going to apply something retroactively you need to be crystal clear. And we should hold city to a higher standard in saying like its competitors do any claims I have or may have in the future because that makes it clear. Saying employment related claims which arise between us in the present tense doesn't make that clear and doesn't carry their burden of showing mutual assent and a meeting of the minds between the parties. The next point that I'd like to make that's related to that is this argument about the dictionary definition of arise. How do you respond to the point I made before this federal lawsuit arises between these parties? That can have a past tense component, right? The lawsuit was filed a while ago and it could be this opinion in this case. It's definitely referring to the past. The lawsuit was filed at least a year ago. But it's still the present as well because it's and it's the I think it's the same example and you can tell me if I'm wrong but I think it's the same example as But if it covers both that's not very helpful to you. No, I don't That means it covers past disputes and future disputes. The use of again my first response to that your honor would be that's not clear enough. That doesn't meet their burden to show a meeting of the minds. I think when you're dealing with a corporate defendant that clearly knows how to draft these things with an individual non-exempt employee their standard ought to be higher to clearly express an intent to have their employees waive existing rights particularly when there's pending litigation. But my second argument would be that's the dictionary definition of arise goes to they say it's relational. I get that. But the dictionary when you look up arise in the dictionary also says arose, arisen and gives the different conjugations of the verb. As the district court found in this case it doesn't say claims I that arise have arisen or arise in the future or claims that arose in the past that there's the English language uses tense conjugation of verbs to express timing. Is arise susceptible to more than one meeting? I don't think it does in this context given that there's an existing case in place. They're going to say hey we drafted this well beforehand but again it's their burden to show a meeting of the minds. It's their burden to show that there was a contract formed on mutual assent. And this gets back to the problem where they say well but this was drafted probably by our lawyers long ago before this case was filed and so there wasn't this express intent with respect to Mr. Russell. But if we're going to take the intent from the language that was drafted years ago and apply it to each individual then they have to have the intent to apply it to the facts of each employee's circumstances. They can't just say well we have this general general intent. It's not so general that they don't want to apply it to your client. Right. Right. And that's that's the point I was trying to make and was being wordy about it but I think that you have to take that generalized intent and apply it to the specific facts of each case and in this case it's a big problem. You know my colleague said I wrote this down when he said it that that the principles in litigation can communicate with each other. But I don't agree with that principle and certainly in this context. When a city manager approaches my client on the call center floor and says hey this this lawsuit business we don't want to deal with this let's just resolve this between you and me and they enter into a settlement I don't think that works when that city manager has received the advice of council when that city manager comes armed with forms drafted by their council and their legal department. You could argue this is a little unfair to city court because your client initiated this. Your client didn't bring his lawyer. Your client didn't ask his lawyer to file the application so they're thinking ok you've applied fine I mean you can imagine how they would have done this innocently I mean it's true they're still stuck with making a commitment to what they intended with this thing and that's still seems troubling but it's not as if they went looking for Russell and said ah perfect I think we got this figured out. Right nor am I making that accusation and to Judge Merritt's point that's why we haven't filed any ethical complaints against council I don't I don't know that that was their intent again we didn't conduct any discovery on how this occurred. Clearly my client showed up to a job fair and applied for a job and got a job and so you know this just happened but it's still problematic to apply it to pending litigation. Well does it go to the party's intent of what they intended by this agreement that if they actually intended it to be a release or a dismissal of the class action suit they would have brought in the attorney because of course they wouldn't want to arise ethical considerations whether or not this violates ethics I mean is that how we bring it in here is that of course this doesn't apply to standard litigation because they would know better and that It clearly isn't and that's the estoppel argument that I think I would make rather than six weeks is a waiver because you sat on an arbitration clause I think the bigger argument is if this was the party's intent they would have used the attorney they wouldn't bypass the attorney they wouldn't do that Right well I just closed a settlement last week in which you know the defense council shows up with a stipulation of dismissal for me to sign you know that's how these things go hey we've now negotiated our deal here's the stipulation of dismissal your lawsuit's gone and if the parties really intended that that happened that's what would have happened that may be the best would it violate public policy if a condition to hire somebody is that they dismiss a lawsuit that they have against the company would that be an illegal agreement I think clearly it would I would think so and I think that's on intuitively right do you have a good case on that well I think the Bilbrey case that we said in our brief is the closest thing it's not in the employment context but it is Bilbrey it's an Oklahoma state court case the spring court the law encourages settlement and I don't know exactly why if this is something that the employee wants to go to work that they couldn't settle it in that way well it is different when you have a class action the class representative owes duties to the class members the NRA currency case says when a class action is filed the class members do have rights now it's not a certified class and so they don't have a full panoply of rights but the filing of that class action to filing the original arbitration agreement in the record in this case so that we can see exactly what it did say no I would love to see it it might be helpful you never know but it's certainly possibly relevant agreed I would be disinclined to expand the record on appeal myself but it's just my view I'm inclined to think about it a little more I think your time is up let me make sure any other questions thank you appreciate your time the question is the scope of the argument does the dispute fall within the scope the ordinary contract rule about construing the language against the drafter does not operate under the federal arbitration act. Under the federal arbitration act, that rule gets supplemented with all doubts and all ambiguities are resolved in favor of arbitration. In fact, this court has said in the Supreme Court that you look at any ambiguities resolved in favor of arbitration. Now, in terms of the canons of construction that you're saying there's a case out there that says Watson Wyatt says it. That's a case where the canon is invoked of the  arbitration act. The canon that you construe against the drafter does not apply in arbitration in light of federal arbitration policy. If you have that case, tell us otherwise I'm inclined to think. You have   that  not in arbitration in light of federal arbitration policy. Those two principles are irreconcilable and the FAA trumps the common law principle. Now, getting to your point, it would be the best case that we say that ambiguities are construed in favor of arbitration. Our cases used to say that arbitration is disfavored. I've been on cases, I think we were on the  of John Bonk that overruled that line of authority. And it is not disfavored now, but it is a matter of contract. And arbitration is a favored remedy, but still you construe the contract consistent with the intent of the parties. I don't think that you throw that out. You don't throw that out, but let me give you what happened in Watson Wyatt. In Watson Wyatt, the contract was silent on retroactivity. And the district court said, well, it's silent on retroactivity, so I'm not going to enforce the arbitration agreement, much like the district court did here. And the court said, no, no, no, no, you did not follow the directives of this court and the directives of the Supreme Court that all presumptions are in favor of arbitration, all doubts are construed in favor of arbitration. And here's a key, which, again, is inconsistent with the construction against the drafter. An arbitration agreement is enforceable unless it can be said with positive assurance that the agreement is not susceptible to an interpretation favoring arbitration. That's clear. The Sixth Circuit has said that over and over and over again. Now, in terms of the actual construction of the agreement, I agree with Judge Sutton that you first look at sort of normal contract principles to try to discern the intent of the agreement.  Sixth Circuit quote, arises out of end quote the services between the parties, referring to a prior dispute that was covered by an arbitration agreement executed later on. How do you think they're using arise and this is the scope of  duty to arbitrate? Doesn't that seem pretty prospective? I don't think so, but that's not the provision that defines exactly what is subject to an arbitration. That is the later language under the scope provision, I think it comes a few paragraphs later, where it doesn't define the scope of the arbitration commitment. It doesn't say you're obligated to arbitrate these disputes. That's under the scope clause, which follows. And what's key, as I mentioned before, is that the arbitration agreement, the very sentence that the arbitration  stipulates, is not actually the scope of the  agreement. It's not the scope of the arbitration agreement. But that is the very sentence that the arbitration agreement stipulates. I'll reserve on the paper, Your Honor. Okay. Thanks to both of you for your very helpful briefs and oral arguments. We appreciate it. We'll work through the case and the case will be submitted and the clerk may call the next case. Thank you.